IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAIAH XAVIER WHITE, | Civil No. 3:19-cv-952 |
| Petitioner | (Judge Mariani) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | |
| Respondents | |

FILED
SCRANTON

OCT 0 5 2022

PER _____
DEPUTY CLERK

**MEMORANDUM**

Petitioner Isaiah Xavier White ("White") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will deny the petition.

I. **Background**

On September 27, 2016, White was charged with indecent assault of a person less than thirteen years of age, involuntary deviate sexual intercourse with a child-criminal solicitation, indecent exposure, corruption of minors-defendant age eighteen or above, unlawful contact with a minor, and endangering the welfare of children-parent/guardian. *Commonwealth v. White*, No. CP-45-CR-0001904-2016 (Pa. Ct. Com. Pl. Monroe Cty.). On April 5, 2017, after trial by jury, White was found guilty of all charges except indecent assault of a child. (Docs. 10-5, 10-6, Jury Verdict). On July 10, 2017, White was sentenced

to an aggregate term of imprisonment of 60-120 months. (Doc. 10-7, Sentencing Order). White did not file for reconsideration of the sentence or a direct appeal.

On July 31, 2017, White filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 10-8, PCRA Petition). Counsel was subsequently appointed to represent White. (Doc. 10-9, Counseled Brief in Support of PCRA Petition). On March 5, 2018, the PCRA court held a hearing. (Doc. 10-10, Transcript of PCRA Hearing). On June 27, 2018, following the hearing, the PCRA court denied the petition. (Docs. 10-11, 10-12, PCRA Court Opinion & Order). White filed an appeal to the Pennsylvania Superior Court. (Doc. 10-14, Counseled Brief in Support of PCRA Appeal). On March 15, 2019, the Pennsylvania Superior Court affirmed the decision of the PCRA court. *Commonwealth v. White*, 2019 WL 1224576 (Pa. Super. 2019). White did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

White then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II.     Habeas Claims Presented for Federal Review

White seeks habeas relief based on the following grounds:

   A.     Ground One: Trial counsel was ineffective for failing to present character witnesses.

   B.     Ground Two: Trial counsel was ineffective for failing to present an alibi defense and alibi witnesses.

    C.    Ground Three: The evidence was insufficient to support a conviction of criminal solicitation.

(Doc. 1).

## III. <u>Legal Standards</u>

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A. Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review

3

federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[1] Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting

---

[1] In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

4

those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

### B.    Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301

6

F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[2]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

### C. Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that

---

[2] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005).

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the

court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

## IV. Discussion

In his PCRA petition, White set forth the following ground for relief:

> Whether trial counsel's failure to introduce certain exculpatory evidence at trial constitutes ineffective assistance of counsel such that [White] is entitled to relief under the Post-Conviction Relief Act.

(Doc. 10-9, p. 2). Specifically, White argued that trial counsel was ineffective for failing to introduce exculpatory evidence of his residence at the time the alleged events occurred. (*Id.* at p. 4). The PCRA court denied the petition and, on appeal, White raised the following issue:

> Whether the [t]rial [c]ourt erred by denying [his] PCRA Petition where there was sufficient evidence of ineffective assistance of counsel such that the 3-prong test for ineffective assistance of counsel was met, due specifically to trial counsel's failure to introduce certain exculpatory evidence at the time of trial.

*Commonwealth v. White*, 2019 WL 1224576, at *1. White essentially asserted that he was denied the right to effective assistance of counsel based on trial counsel's failure to present an alibi defense and alibi witnesses. White did not raise his claim of ineffectiveness based on trial counsel's failure to present character witnesses and his sufficiency of the evidence claim.

9

The Superior Court ultimately affirmed the denial of the PCRA petition and found that White's claim of ineffectiveness regarding an alibi defense and alibi witnesses was waived. The Pennsylvania Superior Court found as follows:

> Appellant maintains that he asserted in his PCRA petition the existence of "certain paperwork and witnesses available, including records from his employer, Weis Markets, to prove that he was not living at the complainant's residence during the timeframe of the alleged events, and to show the dates and times that he was working during that timeframe." Appellant's Brief at 10. Appellant further relies on his testimony at the March 5, 2018, PCRA hearing wherein he stated his female probation officer, whose name he could not recall, had documentation that would show he was not living at the complainant's home. He also referenced certain notes and files allegedly in the possession of his employer and unnamed witnesses who would have corroborated this evidence. *Id.* (citing N.T. PCRA Hearing, 3/5/18, at 8-9). Appellant further cites to his trial testimony at which time he indicated he had not been living at the victim's residence during the alleged timeframes and disputed the date of a court order concerning his juvenile placement in 2015 which undermined his credibility. *Id.* at 13. Appellant concludes that:
>
>> there was no strategic basis for trial counsel to have omitted the evidence at trial. As stated *supra*, Appellant asserted the existence of work records in the possession of the Monroe County Probation Office which could have confirmed his place of residence and the hours of his employment at the time, which would have had the effect of re-establishing his credibility, and possibly even supported an alibi, therefore confirming that he was not in fact living at the complainant's house, that the complainant was not accurately recalling the facts due to her young age, and there is a reasonable probability that Appellant would have been acquitted on the remaining counts of the information.
>
> *Id.* at 14.
>
> In its Opinion filed pursuant to Pa.R.A.P. 1925(a), the PCRA court reasoned that because the victim was unable to pinpoint a precise timeframe in which the incidents of abuse occurred, despite trial counsel's cross-examination at

10

which time he attempted to elicit when Appellant had been living at her home and when he had been working, it did not believe the evidence to which Appellant referred would have been exculpatory at trial. Trial Court Opinion, filed 6/27/18, at 5-6. The PCRA court found that since Appellant had failed to establish that counsel's actions or omissions adversely affected the outcome of the proceedings, his ineffective assistance of counsel claim must fail. *Id.*

Upon our review, we conclude that Appellant has not developed or substantiated his bald statements to demonstrate the issues underlying his ineffectiveness claims have merit. While he argues the absence of "certain paperwork" and "available witnesses" was so prejudicial so as to deny him a fair trial, he failed to name the purported witnesses or attach any affidavits to his PCRA petition, nor did he present the alleged witnesses at the PCRA hearing. In addition, he submitted no documentation pertaining to his employment history or his referenced actual address at the time of the incidents along with his PCRA petition, nor did he present the same at the PCRA hearing.

"Claims of ineffective assistance of counsel are not self-proving [.]" *Commonwealth v. Spotz*, 587 Pa. 1, 100, 896 A.2d 1191, 1250 (2006) (citation omitted). The Pennsylvania Supreme Court repeatedly has refused to consider bald, undeveloped allegations of ineffectiveness such as these. *See Commonwealth v. Thomas*, 560 Pa. 249, 256, 744 A.2d 713, 716 (2000) (declining to find counsel ineffective where appellant failed to allege with sufficient specificity facts in support of his claim). Thus, because Appellant has failed to develop his claim with sufficient specificity, we find it waived, and there is no basis upon which to upset the PCRA court's finding that Appellant was not entitled to relief on this issue. *See Paddy, supra* at 292, 15 A.3d at 443 (stating "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.").

Furthermore, even had Appellant properly preserved this issue for appellate review, his argument fails to acknowledge that trial counsel would have had no basis upon which to inquire as to where he was living and working during the relevant timeframe. Appellant's own testimony at his PCRA hearing revealed he had mistakenly told trial counsel that he had been in juvenile placement at a different address during the time at which the victim had indicated the alleged incidents occurred, and counsel "went off of that." N.T. PCRA Hearing, 3/5/18, at 10-12. As such, counsel cannot be deemed

11

ineffective for failing to believe an investigation of any other witnesses pertaining to where Appellant had been living and working was a relevant consideration prior to trial. *See Commonwealth v. Goodmond*, 190 A.3d 1197, 1203 (Pa. Super. 2018) (citing *Commonwealth v. Lewis*, 560 Pa. 240, 244-45, 743 A.2d 907, 910 (2000) (stating that "[b]ecause appellant gave no indication at the time of his trial that he suffered from brain damage or serious mental illness, his trial counsel and subsequent appellate counsel cannot be ineffective for failing to investigate, discover and present evidence of such brain damage or mental illness)).

In light of the foregoing, we affirm the trial court's Order.

*Commonwealth v. White*, 2019 WL 1224576, at *2-4.

To properly exhaust his state remedies, White was required to fairly present his claims to the state court, either on direct appeal or by collateral review. *See Castille*, 489 U.S. at 349-50; *Blasi v. Attorney General of Pa.*, 30 F. Supp. 2d 481, 487 (M.D. Pa. 1998). The record is clear that White failed to raise grounds one and three in the state court proceedings. It is also clear that White waived ground two under state law, as determined by the Pennsylvania Superior Court which also found that, had the claim not been waived, it had no merit. *See Commonwealth v. White*, 2019 WL 1224576, at *3. All of these claims are thereby defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996) (concluding, "if the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed"). White's failure to timely and properly pursue these claims at the state level constitutes an independent and adequate state ground sufficient to support a procedural

default of the claim. *See Barnhart v. Kyler*, 318 F. Supp.2d 250 (M.D. Pa. 2004). White is not entitled to federal habeas review of these claims unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015). White fails to acknowledge his procedural default of these claims and fails to allege any cause and prejudice to excuse it. (*See* Doc. 1; *see also Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that the petitioner's failure to allege cause for his default precluded federal habeas review of a defaulted claim)). Nor is there any indication that a failure to review these claims will result in a fundamental miscarriage of justice. Consequently, White is precluded from pursuing federal habeas corpus relief with regard to trial counsel's alleged ineffectiveness and his sufficiency of the evidence claim.

Furthermore, with respect to grounds one and three—that trial counsel was ineffective for failing to present character witnesses and the sufficiency of the evidence claim—any attempt by White to exhaust his state remedies at this time would be futile because these claims are procedurally defaulted due to waiver of the claims and expiration of the PCRA statute of limitations. *See* 42 PA. CONS. STAT. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this subchapter, including a second or

subsequent petition, shall be filed within one year of the date the judgment becomes final"). Because White is in procedural default for failing to comply with the state filing requirements, the merits of grounds one and three need not be considered here. *See Coleman*, 501 U.S. at 750.

Moreover, with respect to ground two—trial counsel's failure to call alibi witnesses—the state court's analysis can be justified under *Strickland*. Upon review of the record, the Court finds that White failed to demonstrate prejudice in order to set forth an ineffective assistance of counsel claim and has not demonstrated that counsel's failure to present alibi witnesses fell below an objective standard of reasonableness. Under Pennsylvania law, to state a claim for ineffectiveness of counsel based on failure to call a witness, a petitioner must show that:

> (1) the witnesses existed; (2) the witnesses were available; (3) that counsel was informed of the existence of the witnesses or should have known of the witnesses' existence; (4) that the witnesses were available and prepared to cooperate and would have testified on [Petitioner's] behalf; and (5) the absence of testimony prejudiced [Petitioner].

*Commonwealth v. Crawley*, 663 A.2d 676, 679-80 (Pa. 1995).

Here, White failed, either at the PCRA proceeding or currently, to present an affidavit stating who his proposed witnesses were and that the witnesses were available and prepared to testify on his behalf. In the absence of such an affidavit, the PCRA court could have found White's ineffective assistance claims based on trial counsel's failure to call a witness at trial meritless. Additionally, the United States Court of Appeals for the Third

14

Circuit has held that the choice to forego calling witnesses is an appropriate tactical decision that does not entitle a petitioner to habeas corpus relief on the grounds of ineffective assistance of counsel. *See Alexander v. Shannon*, 163 F. App'x 167, 175 (3d Cir. 2006) (nonprecedential); *see also Echols v. Ricci*, 492 F. App'x 301, 313 (3d Cir. 2012) (nonprecedential) (holding that the district court properly denied the ineffective assistance of counsel claim because "there is no constitutional requirement for an alibi instruction and because the instructions given by the trial court in this case made it clear that the government had to prove beyond a reasonable doubt that [petitioner was at the location of the crime]"); *Sanders v. Trickey*, 875 F.2d 205, 212 (8th Cir. 1989) (trial counsel's failure to call a witness "is precisely the sort of strategic trial decision that *Strickland* protects from second-guessing"). The state court's determination that counsel's performance was not deficient is not an unreasonable application of *Strickland*. *See Commonwealth v. White*, 2019 WL 1224576, at *3. Thus, White is not entitled to federal habeas relief on this claim.

## V.   <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.  As the Supreme Court has explained,

> "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  White failed to demonstrate that a certificate of appealability should issue.

## VI. Conclusion

The Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A separate Order shall issue.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

Dated: October 4, 2022